UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVERGREEN SAFETY COUNCIL, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>RSA NETWORK, INC., dba Starfish Network, Inc., a Utah corporation,<br><br>Defendant. | CASE NO. C09-1643-RSM<br><br>ORDER GRANTING EVERGREEN SAFETY COUNCIL'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Motion for Partial Summary Judgment brought by RSA Network Inc. ("RSA"), and on Cross-Motion for Summary Judgment brought by Evergreen Safety Council ("Evergreen"). Dkt.##16, 28. On November 18, 2009, Evergreen filed the current action, seeking a declaratory judgment that its manual does not infringe on RSA's copyright. One year later, RSA counter-claimed for copyright infringement, declaratory relief, constructive trust upon illegal profits, and unfair competition. On March 31, 2011, RSA filed for partial

summary judgment on the copyright infringement claim, and Evergreen filed a cross-motion for summary judgment. As affirmative defenses to RSA's motion, Evergreen has asserted implied license, laches and fair use.

## II. BACKGROUND

This case arises from a copyright dispute between Evergreen and RSA. Evergreen is a Seattle-based non-profit that develops transportation related safety and health training programs for Washington and other states. Dkt. #19, p. 3. One service it provides is a certification program for pilot car drivers who escort trucks transporting oversize loads on roads and highways. *Id*. RSA is a Utah corporation that provides various transportation related services, including a similar certification program for pilot car drivers. Dkt. #16, p. 2. Both companies have developed pilot car training manuals that are the subject of the current litigation.

The RSA manual was originally created in 1993 in Utah by Randy Sorenson, who intended to promote the standardization of pilot car training programs around the country. Dkt. #19, p. 5. That same year, he obtained copyright TX-3-540-777 for his manual, which received minor changes prior to publication in 1996. Dkt. #16, p. 2. Further revisions to the manual led to resubmission of the manual in 2009 and an updated certificate of registration number TX-6-961-404. *Id*. When Sorenson first obtained his copyright for the manual, RSA did not yet exist; he did business through his company Randy Sorenson & Associates. In 2002, after declaring bankruptcy, Sorenson transferred his copyrights and materials to RSA, a new company owned by his wife. Dkt. #19, p. 8.

In 1996, Sorenson sent to the Washington Trucking Association in Federal Way a copy of course materials for a pilot car training program in Florida. *Id*., p. 5. Two years later, the State of Washington adopted new escort vehicle requirements, and the Washington State Department

| 1  | of Transportation formed a steering committee for pilot car training. *Id*., p. 6. At the initial
| 2  | committee meetings, members discussed using Sorenson's training manual and acknowledged
| 3  | concern that it was copyrighted. *Id*. Later meetings were held at Evergreen's offices. *Id*.
| 4  | Records reflect that Sorenson attended both meetings with the steering committee at Olympia
| 5  | and at Evergreen's offices. *Id*. Additionally, there is an entry on Evergreen's ledger from the
| 6  | same time period of a check for $300 payable to Sorenson. *Id*., p. 7.
| 7  |       On May 12, 1999, after the meetings with Sorenson, Evergreen sent him a draft copy of a
| 8  | new training manual along with a letter thanking him for his assistance and inviting further input.
| 9  | *Id*. Sorenson contends that he did not open the envelope to read the letter or draft manual until
| 10 | sometime in 2010. Dkt. #26, p. 5. The first edition of Evergreen's manual was printed sometime
| 11 | in 1999, and subsequent versions were released in December 1999 and May 2003. *Id*., p. 8. In
| 12 | December 2003, Evergreen's manual received copyright registration number TX0006016065.
| 13 | *Id*. The first three editions contained a forward acknowledging Sorenson's role in the
| 14 | development of their training program. Dkt. #16, p. 3. The fourth and latest edition was printed
| 15 | in January 2009. Dkt. #19, p. 9.
| 16 |       RSA sent Evergreen cease and desist letters on October 23, 2009 and November 3, 2009,
| 17 | alleging that sections of the Evergreen manual infringed on Sorenson's copyrighted manual. *Id*.,
| 18 | p. 10. RSA's infringement claims are based a list of Recommended Vehicle Maintenance
| 19 | Equipment and various diagrams that depict how to safely escort vehicles with oversize loads.
| 20 | The list consists of a variety of vehicle maintenance related items and a short paragraph
| 21 | describing why they are important. *See* Dkt. #16, pp. 4-5. Much of the list and paragraph in the
| 22 | Evergreen manual is a verbatim copy of a section of the RSA manual. The diagrams at issue

depict the same ideas, with slight variations in expression and style. *Compare, e.g.*, Dkt. #16, Ex. A, p. 79, 85 *with* Dkt. #16, Ex. C, p. 31, 35.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FRCP 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. See *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing O'Melveny & Meyers, 969 F.2d at 747). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248.

## IV. DISCUSSION

Evergreen has asserted the defense of laches in response to RSA's copyright infringement claims. "Laches is an equitable defense that prevents a plaintiff, who, with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950-51 (9th Cir. 2001) (internal quotation and citations omitted). The test in the Ninth Circuit for a prima facie showing of laches has two factors: 1) unreasonable delay in bringing suit, and 2) prejudice resulting from the delay. *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010). The delay is the period from when the plaintiff knew or should have known of the infringing conduct occurred to when the plaintiff initiated litigation. *Danjaq*, 263 F.3d at 952. Evergreen contends that Sorenson had notice of the

alleged infringement more than a decade ago, citing his interactions with Evergreen and related organizations around the country, as well as the letter and draft manual that Evergreen mailed to him in 1999. Dkt. #19, pp. 13-14. RSA counters that Sorenson did not see the contents of the Evergreen manual until 2009 and did not open the envelope containing the draft manual and letter until 2010. Dkt. #26, p. 7.

Although there is a question of fact as to whether Sorenson had actual knowledge of the allegedly infringing parts of the manual, the relevant question remains whether he should have had such knowledge. *Danjaq* is clear in explaining that a period in which the defendant "should have known" of infringement may constitute the requisite delay. 263 F.3d at 952. While it seems unlikely that Sorenson never saw an early version of the Evergreen manual with an acknowledgment of his role in its creation, it is not necessary to draw a conclusion as to whether Sorenson actually saw a draft version of the manual. Rather, it is controlling that Sorenson had the manual in his possession in 1999. As such, Sorenson should have known of the allegedly infringing conduct well before the present action commenced in 2009. The conclusion that Sorenson should have known of the allegedly infringing conduct is bolstered by his frequent interactions and contact with Evergreen and related organizations over the years.

Furthermore, considerations of prejudice resulting from the delay militate toward the application of laches. RSA's delay in bringing its claims would result in significant economic prejudice to Evergreen. If Evergreen were to be found liable, the potential damages would be significantly greater as a result of the nearly ten-year period that RSA waited to bring its claims. Because RSA's delay in filing suit was unreasonable, and because the delay would result in economic prejudice to Evergreen, RSA's claims for past infringement are barred by laches.

Therefore, Evergreen's Motion for Summary Judgment is granted and the action is accordingly dismissed. However, this dismissal is without prejudice regarding prospective injunctive relief.[1]

## V. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Evergreen's Motion for Summary Judgment is GRANTED, as laches bars RSA's claims for past infringement. Dkt.28.

(2) RSA's Motion for Partial Summary Judgment is DENIED. Dkt.16.

(3) This action is DISMISSED without prejudice regarding prospective injunctive relief.

Dated June 17, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Laches may bar recovery for past infringements but does not necessarily bar an injunction preventing future infringement. 18 Am.Jur.2d Copyright and Literary Property § 243 (West 2011) (citing *Hayden v. Chalfant Press, Inc.*, 177 F. Supp. 303 (S.D. Cal. 1959), judgment aff'd, 281 F.2d 543 (9th Cir. 1960)).